**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Division

Case No.

MICHAEL LAWRENCE,

     Plaintiff,

v.

MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES,
STEVEN DETTELBACH, DIRECTOR OF THE BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND EXPLOSIVES, and PHIL WEISER, IN HIS
OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF
COLORADO.

     Defendants.

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

---

The plaintiff, pro se, hereby seeks 1) a declaratory judgment from the Court

holding that the federal and state laws creating a lifetime ban on felons possessing

firearms is a violation of the Second Amendment and the Ninth Amendment. The

plaintiff respectfully requests 2) that this Court permanently enjoin the defendants,

their officers, agents, servants, employees, and all persons in active concert or

participation with them who receive actual notice of the injunction, from enforcing

18 U.S.C. § 922(g)(1) or C.R.S. § 18-12-108 against the plaintiff on the basis of a

now 13-year-old conviction for a non-violent felony. The plaintiff seeks 3) a declaration that the plaintiff's 2010 felony conviction does not require him to acknowledge a disabling conviction when purchasing firearms. In support thereof, the plaintiff states as follows:

## FACTUAL BACKGROUND

1. On July 2, 2010, the plaintiff was convicted of forgery and two redundant felonies regarding a contract for legal services, in Denver District Court Case No. 09-CR-1135. The plaintiff has no other criminal convictions, either before or since the one conviction.

2. As a result of this 13-year-old felony conviction, federal law imposes a lifetime prohibition on the possession of firearms by the plaintiff. 18 U.S.C. § 922(g)(1). An analogous Colorado state law imposes the same prohibition. C.R.S. § 18-12-108.

3. On the basis of nothing more than an ancient conviction for a non-violent felony, the plaintiff faces a lifetime ban on ever owning firearms. The lifetime deprivation of the plaintiff's right to bear arms is a violation of the Second Amendment, for reasons set forth *infra*.

4. Insofar as the plaintiff's lifetime ban on possessing firearms is a punishment for a crime, it lacks the proportionality required under the Eighth

Amendment and thus violates this right as well. *See, e.g., Solem v. Helm*, 463 U.S. 277 (1983).

5. The plaintiff is a natural person and a resident of the State of Colorado. The plaintiff wishes to purchase firearms for self-defense within his own home, but cannot because of defendants' active enforcement of unconstitutional policies complained of in this action.

6. The plaintiff is over the age of 18, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

7. Defendant Merrick Garland is sued in his capacity as the Attorney General of the United States. As Attorney General, Garland is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

8. Steven Dettelbach is sued in his capacity as the Director and Head of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). In

that capacity, Dettelbach is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

9. Phil Weiser is sued in his capacity as the Attorney General of the State of Colorado. In that capacity, Weiser is responsible for executing and administering laws, customs, practices and policies of the State of Colorado, and is presently enforcing the laws, customs, practices and policies complained of in this action.

10. On or about August 8, 2023, the plaintiff went to a sporting goods store, Cabela's, near I-25 and Lincoln, in Lone Tree, Colorado. The plaintiff attempted to purchase a pistol. Before the purchase could be completed, the plaintiff was directed to fill out a form to enable the Colorado Bureau of Investigations to perform a criminal background check on the plaintiff.

11. In the process of filing out the background check form, the plaintiff answered affirmatively to the question of whether he had ever been convicted of a felony.

12. Upon belief and information, the plaintiff's admission that he had been convicted of a felony was the cause for the sales clerk advising the plaintiff that he was prohibited from purchasing the pistol he sought to purchase. There was no other reason possible.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

14. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the plaintiff resides, in this judicial district.

## DEFENDANTS' REGULATORY SCHEME

15. Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

16. The term "crime punishable by imprisonment for a term exceeding one year" "does not include . . . (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). The Department of Justice has adopted the position that "crime punishable by imprisonment for a term exceeding one year," as used in 18 U.S.C. § 922(g)(1), includes state misdemeanors carrying statutory sentencing ranges exceeding two years, without regard to any mandatory minimum sentence.

17. Title 18, United States Code § 922(d)(1) prohibits anyone from

transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

18. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 21(c) on Form 4473 asks: Have you ever been convicted in any court of a **felony**, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

19. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question, and simply to deny the transaction on the basis of that answer: "If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from

purchasing." BATF FFL Newsletter, May, 2001, Issue I, at 14, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf.

20. If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF FFL Newsletter, September 1999, Issue II, at 2, available at https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-september-1999/download.

21. The plaintiff refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by the defendants, should he follow through with his plan to obtain a firearm.

22. The plaintiff refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fine, and incarceration,

at the defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1) and C.R.S. § 18-12-108.

23. When the plaintiff answered, on Form 4473, that he had been convicted of a crime punishable by imprisonment for over one year, Cabela's Sporting Goods, a federal firearms licensee who follows the defendants' directives, refused to sell the plaintiff a firearm on account of the fact that the plaintiff is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, the plaintiff suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which the plaintiff would, in fact, obtain but for the enforcement of 18 U.S.C. § 922(g)(1) and C.R.S. § 18-12-108.

## THE DEFENDANTS HAVE VIOLATED THE PLAINTIFF'S RIGHT TO BEAR ARMS

24. The allegations of paragraphs 1-23 are incorporated as though fully set forth herein.

25. The plaintiff has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. No indicia reasonably suggest that the plaintiff is likely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

26. On account of the plaintiff's unique personal circumstances,

including but not limited to the non-serious and non-violent nature of his felony conviction, the passage of time since that conviction, the plaintiff's generally law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against the plaintiff the firearms prohibition of 18 U.S.C. § 922(g)(1) and C.R.S. § 18-12-108, because of a conviction for a non-violent felony thirteen years ago.

## THE ANALYTIC SCHEME FOR SECOND AMENDMENT CASES AFTER *BRUEN*

27. The allegations of paragraphs 1-26 are incorporated as though fully set forth herein.

28. Second Amendment law has recently undergone significant alteration. In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ___ (2022), the Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." As a result of this protection, the Court continued, "[t]o justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's

conduct falls outside the Second Amendment's "unqualified command." *See* opinion's Syllabus.

29. The Third Circuit has recently reviewed a case similar to the case at bar, using the analysis now required under *Bruen*. In *Range v. Garland*, Case No. 21-2835, 3rd Cir., decision rendered *en banc*, filed June 23, 2023, the court concluded that there was no historical support for laws such as 18 U.S.C. § 1922(g)(1), and therefore the law was an impermissible violation of the plaintiff's right under the Second Amendment to bear arms.

30. There is no reason for a different result in the present case. The defendants can identify no legal history for a law similar to 18 U.S.C. § 1922(g)(1) before its enactment in 1961. There is no legal history before 1961 for the restriction the plaintiff complains of herein.

31. Because the defendants can show no historical tradition of laws such as the felon-in-possession laws at issue here, the defendants cannot show under the *Bruen* analysis that this law comports with the Second Amendment. The Ninth Amendment bars state governments from infringing on rights set forth in the Constitution. The felon-in-possession laws, both federal and state, must be struck down for violating the Second and Ninth Amendments.

32. The federal defendants failed in *Range v. Garland* to show the Third Circuit any historical precedent to 18 U.S.C. § 922(g)(1) to bear their burden of

proof that the law is consistent with this Nation's historical tradition of firearm regulation. It is not.

33. The federal law at issue in this case has already been struck down by the Third Circuit as a violation of the Second Amendment. There is no reason to diverge from this result in the present case.

34. The states have no authority to constrain federal constitutional rights beyond what the federal government can do, and so Colorado's felon-in-possession law must be struck down as well.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that judgment be entered in his favor and against the defendants as follows:

1. A declaration that neither 18 U.S.C. § 922(g)(1) nor C.R.S. § 18-12-108 can be applied against the plaintiff, Michael Lawrence, on account of his 2010 felony conviction;

2. A declaration that application of 18 U.S.C. § 922(g)(1) and/or C.R.S. § 18-12-108 against the plaintiff, on account of his 2010 felony conviction, violates the Second Amendment to the United States Constitution;

3. An order permanently enjoining the defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them

who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1)

or C.R.S. § 18-12-108 against the plaintiff on the basis of his 2010 felony

conviction;

    4. A declaration that the plaintiff's 2010 felony conviction does not require

him to acknowledge a disabling conviction when purchasing firearms;

    5. Costs of suit;

    6. Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

    7. Any other further relief as the Court deems just and appropriate.


DATED this __28th__ day of August, 2023

                            *Michael Lawrence*
                            Michael Lawrence, plaintiff
                            8330 E Quincy Ave, Apt H209
                            Denver, CO 80237
                            Tel. 720-231-2023
                            Email: mlawrence31416@gmail.com

JS 44 (Rev. 10/20)    District of Colorado    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**    Michael Lawrence

**DEFENDANTS**    Merrick Garland

**(b)** County of Residence of First Listed Plaintiff    Denver
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Denver
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*
U.S. Attorney's Office - Cole Finegan

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine / Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product / Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability / **PERSONAL PROPERTY** | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal / Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | |
| | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - / Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | Medical Malpractice | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | Other / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
2nd Amendment, 8th Amendment, 9th Amendment of U.S. Constitution    ☐ AP Docket
Brief description of cause:
illegal restraint of 𝜋's 2 Amendment right to bear arms

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $ declarative and injunctive relief    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    8/25/23

SIGNATURE OF ATTORNEY OF RECORD    Michael Lawrence

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____